IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                   Case No. 3:09CR442

           Plaintiff

v.                                                      ORDER

Deonte White,

           Defendant

This is a criminal case in which the defendant, along with others, is charged with committing drug-related crimes. He has filed a motion to suppress evidence recovered during a search of a house in Lima, Ohio. [Doc. 52].

The defendant claims that the search warrant authorizing the search was not based on an adequate showing of probable cause. He argues this is so because, *inter alia*: 1) the single allegation of a sale to an informant was stale due to the time lapse – nearly two years – between the alleged event and the warrant's issuance; and 2) there was insufficient corroboration of the informant's information.

In response, the government argues that the defendant has failed to show he has standing on this issue.

In any event, I disagree with the defendant's contention that the affidavit failed to show probable cause. While the single purchase itself was stale, there had been much more recent observations of persons in and around the premises suggestive, to a trained drug officer, of drug-related activities.

To be sure, without more the affidavit still lacked probable cause. But there was more: namely, a "trash pull" shortly before the affiant submitted the affidavit to the issuing judge. The contents of the trash bag included numerous "baggies," several with confirmed drug residue, and packaging tape.

This fact, even without any other evidence, could provide a reasonable person with probable cause to believe that the occupants of the premises were engaged in illegal drug possession and sales.

Nexus between the premises and drugs was thus not an issue. Regardless of the deficiencies – including staleness – of the other information supporting the search warrant, the contents of the trash bag provided ample probable cause. That information accounts for the officers' subsequent and successful investigation. What mattered was what they found just before they sought their warrant.

In light of the foregoing, it is therefore

ORDERED THAT the defendant's motion to suppress [Doc. 52] be, and the same hereby is, denied.

So ordered.

    s/James G. Carr
    James G. Carr
    Chief Judge