IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                        Case No. 3:09CR442

         Plaintiff

v.                                         ORDER

Charles Godsey,

         Defendant

This is a criminal case in which the defendant, along with several codefendants, stands charged with drug offenses. Pending is the defendant's motion to suppress evidence obtained through orders issued under 18 U.S.C. § 2510, *et seq.* (Title III) (Doc. 95). Defendant's motion simply joins in that of codefendant Deonte White (Doc. 71). In that motion, defendant White, who has since tendered a plea of guilty, contended that the initial Title III affidavit failed to show "necessity" for electronic surveillance, as required by 18 U.S.C. § 2518(1)(c).

White's brief contends that the original affidavit was deficient, and such deficiency tainted the ensuing chain of Title III orders. As defendant has framed his motion, I need examine only the original affidavit. If it is valid, the ensuing electronic search is likewise valid, and the evidence the government thereby obtained is admissible.

Section 2518(1)(c) requires that the application, *via* the affidavit attached thereto, include information showing "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."

White's (and thus, the defendant's) principal claim is that the government had, primarily through the work of confidential informants (often producing recordings of drug transactions), records of telephone communications, physical surveillance, "trash pulls," witness interviews and execution of search warrants, developed information about the defendants' sources of supply from Detroit and Fort Wayne.

That, in turn, according to the defendant, was a principal objective of the surveillance. The government having obtained that objective without recourse to surreptitious electronic surveillance, use of this highly intrusive and often indiscriminate technique was, the defendant argues, simply not sufficiently necessary to justify the secret electronic searches which ensued.

The defendant also adopts White's argument that agents had not developed normal investigative techniques to their full potential. Source One was, the defendant asserts, "well placed" and identified sources of supply. Nothing, the defendant claims, stopped him from continuing to pipeline information to the investigators.

The defendant also claims that the investigators failed to follow up on leads from pen registers. The agents failed as well, the defendant points out, to have use cell site data to ascertain the defendant's past or current movements.

Finally, the defendant points to the lack of case-specific information as to the dangerousness of implementing conventional investigative techniques.

The defendant reads the objectives of the surveillance, which the affidavit spells out on pages seven through nine, to narrowly. In addition to seeking to learn the identities of other participants and sources of supply, the investigators wanted to use electronic surveillance to learn, *inter alia*, the locations used by the participants and disposition of the proceeds and laundering thereof.

To some extent, the affidavit describes a three-legged stool on which the investigators hope to rest a prosecution: people, places (from which drugs and records might be recovered), and proceeds.

To be sure, even with electronic surveillance, investigators often are unable to find sizable quantities of drugs and/or trace and recover large amounts of money or property acquired with the profits of the drug trade. Nonetheless, these are valid objectives for which law enforcement officers may use electronic surveillance.

The affidavit relates to an investigation covering about five years and involving police encounters, arrests, search warrants, debriefings, informants and other techniques. (Aff't at 24). The affidavit indisputably shows the targets' involvement in drug trafficking.

With regard to the places which the targets use for their operations, the affidavit mention some distribution points, a possible place at which marijuana is stored and place of seizure of three pounds of cocaine. (*Id*. 43-53).

But it is clear from the account of the various transactions that officers had not determined the principal "stash" locations. Moreover, search warrants must show present probable cause, not merely that someone brought some drugs some time in the past at some place. Electronic surveillance can help meet the present probable cause requirement.

Even if the affidavit indicated that the investigators knew where the stash houses were, and that they likely would remain in operation, it does not appear that the investigators had learned where records might be found. Likewise, the affidavit does not show success in locating where the participants keep their proceeds, or what they have done with proceeds generated during the course of the enterprise.

Thus, there was clearly probable cause to believe that conventional investigatory techniques had not accomplished important objectives. Indeed, even though the affidavit named a couple of suppliers, it did not indicate (and the defendant does not suggest) that the investigators had uncovered evidence, such as that which electronic surveillance could generate, as to those individuals. Merely being able to name someone is hardly enough to convict.

Nor was it likely that further use of the same techniques, or use of alternative techniques, would develop information about people, places and proceeds sufficient to convict the targets. The same was even more true with regard to those others about whom the investigators sought to learn a lot more, and against whom they also wanted to gather evidence.

While I agree that the affidavit does not demonstrate specific danger to the informants or the investigation from continued use of conventional techniques, that does not matter. Section 2518(1)(c) is written in the disjunctive, not the conjunctive. The affiant need only show that conventional techniques have not accomplished the investigatory objectives, would not do so if tried, or would engender danger to people or the investigation if attempted. *See generally,* Carr, THE LAW OF ELECTRONIC SURVEILLANCE § 4:39.

The defendant complains that the affidavit's allegations about the need for electronic surveillance are boilerplate. Without question, the reasons for using electronic surveillance are often

4

similar from case to case. There are only so many ways someone can say, "we have not learned enough from informants, etc." But that does not mean that an affidavit fails to show need merely because like allegations appear in similar cases.

What matters is that the affidavit shows what investigators have tried to do, what that has produced, and whether, in the particular case, a prosecution reasonably might succeed. This affidavit meets this requirement, and amply shows the need to turn, five years into the investigation, to electronic surveillance.

It is, therefore,

ORDERED THAT defendant's motion to suppress (Doc. 95) be, and the same hereby is overruled.

So ordered.

s/James G. Carr<br>United States District Judge