**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Jajuan Godsey,                                                        Case No. 3:09CR442

               Defendant/Movant

               v.                                                    **ORDER**

United States of America,

               Plaintiff/Respondent

This is a federal prisoner's collateral attack under 28 U.S.C. § 2255.

The defendant, Jajuan Godsey, pleaded guilty to: 1) conspiring to possess with intent to distribute and to distribute marijuana, cocaine, and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(D), and 846; and 2) possessing 271 grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841. (Doc. 136). Godsey's conviction on the § 841(b)(1)(A) charge (and a prior felony drug conviction) exposed him to a mandatory-minimum sentence of twenty years' imprisonment, and that was the sentence I imposed on May 21, 2012. (Doc. 159).

Godsey now alleges that trial counsel was ineffective for not having him plead under only 21 U.S.C. § 841(a)(1)(B), which carries a ten-year mandatory minimum. (Doc. 193).

The government opposes the motion on the ground that it is untimely under 28 U.S.C. § 2255(f)(1), which provides that a defendant must file his § 2255 motion within one year after "the date on which the judgment of conviction becomes final."

Because Godsey did not take a direct appeal, his judgment of conviction became final on June 4, 2012, when the fourteen-day period for filing a notice of appeal expired. *Sanchez-Castellano v. U.S.*, 358 F.3d 424, 426 (6th Cir. 2004). Godsey's § 2255 motion, which he did not file until February, 2017, is therefore untimely under § 2255(f)(1).

Godsey responds that the motion is timely under § 2255(f)(4) because it was impossible for him to discover the facts underlying his ineffective-assistance claim within the (f)(1) year. (Doc. 199 at 1–2).

Although the limitations period under § 2255(f)(4) runs from "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence," Godsey has not explained – let alone established – why it was impossible for him to discover the factual basis for his ineffective-assistance claim before June 4, 2013.

Moreover, Godsey's ineffective-assistance claim depends on the propriety of the plea agreement in light of the facts and circumstances known to him and his lawyer at the time of the plea. Section 2255(f)(4) does not provide a fresh year for filing that type of claim. *See Phillips v. U.S.*, 734 F.3d 573, 580 (6th Cir. 2013) ("§ 2255(f)(4) is directed at the discovery of new facts").

Finally, there is no plausible merit to Godsey's *Strickland* claim.

He took the plea deal that the government offered; there was nothing more his attorney could do to make things better in that regard. By the time he accepted the plea deal, Godsey had a choice between accepting the government's offer and going to trial. He cannot now fault his lawyer for the choice he made at the time, no matter the severity of the consequences.

It is, therefore,

ORDERED THAT:

1. The motion to vacate (Doc. 193) be, and the same hereby is, denied; and

2. No certificate of appealability will issue, as reasonable judges would not debate that the motion is untimely and the *Strickland* claim baseless.

So ordered.

/s James G. Carr
Sr. U.S. District Judge